Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1242 | **DATE** | 12/26/2001 |
| **CASE TITLE** | Christine F. Stauffer etc. Vs. Westmoreland Obstetric etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants move to strike and for sanctions. The motion to strike is granted in part and denied in part and for sanctions is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 27 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 64 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 DEC 26 PM 12:16 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTINE F. STAUFFER, f/k/a/ )
CHRISTINE F. SKORBERG, )
)
Plaintiff, )
)
vs. ) No. 00 C 1242
)
WESTMORELAND OBSTETRIC AND )
GYNECOLOGIC ASSOCIATES, S.C., )
et al., )
)
Defendants. )

DOCKETED
DEC 27 2001

## MEMORANDUM OPINION AND ORDER

In this ongoing pleading war we are faced once again with a *pot pourri* of claims by the plaintiff, this time in the guise of affirmative defenses and prayers for relief with respect to a counterclaim. Defendants move to strike and for sanctions.

The counterclaim is simple enough. It alleges that plaintiff was a participant in a profitsharing and savings plan (the Plan). When she left, her interest in the Plan was $187,573.21, consisting of a 401(k) component of $55,246 and a profitsharing component of $132,327.21. When her interest was rolled over into an IRA, at her request, the Plan manager inadvertently transferred to the IRA $187,573.21 plus $55,246, a total of $242,819.21. That is, it paid $55,246 twice, and the individual defendants, not as individuals but as fiduciaries/trustees of the Plan, sue to get back the $55,246 mistakenly paid. Plaintiff does not disagree with that. Rather, she claims that the Plan never told her that if she rolled over her interest prior to December 31, 2000 (the rollover apparently was on August 31, 2000), she would not be credited with any profits for the year 2000. If she had been told, she would have delayed the rollover until the end of the year. Thus, she claims, she is entitled to her share of

the year 2000 profits, which could be as much as $55,246 and should be set off against that amount.

The defendants move to strike for four reasons: (1) Plaintiff is just wrong. She had the Plan documents, which expressly stated that profits for a given year would not be included if the participant's interests ended prior to the end of the year. But that gets to the merits, and we are not there yet. (2) Fraud is not stated with particularity, which is probably so (and we have great difficulty in understanding how this could be considered a fraud issue). (3) The circumstances are not such that any recovery by the Plan could be offset against any individual liability of the defendants, which would appear to be so, although the year 2000 profits claim could possibly be offset against any Plan recovery. (4) The string of concepts set forth in paragraph 15 of plaintiff's Answer and Affirmative Defenses are not properly pled, are not applicable here, or both -- and we agree.

We strike paragraph 15. Rather than further refining the pleadings, we think it better to let these remarks stand as properly defining the dispute with respect to the counterclaim. We do not impose sanctions, but we again caution plaintiff that her introduction of clutter is inappropriate and unfair to both the defendants and the court.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 26, 2001.