Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1242 | **DATE** | 5/24/2002 |
| **CASE TITLE** | Christine F. Stauffer etc. et al. Vs. Westmoreland Obstetric etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff, filed a motion for partial summary judgment, with supporting documentation. The problem is that the supporting documentation does not fit neatly into the local requirements, although considerable material is provided, and defendants are, understandably, somewhat at a loss as to how to proceed. We suggest that plaintiff straighten out the documents before that date, (6-19-02) if possible, so the parties are dealing with the same documents record, and we can then determine how best to proceed further, if necessary.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 28 2002 | |
| | Notified counsel by telephone. | | date docketed | 90 |
| ✓ | Docketing to mail notices. | | deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| CHRISTINE F. STAUFFER, f/k/a/ | ) | |
|---|---|---|
| CHRISTINE F. SKORBERG, JOHN D. | ) | |
| STAUFFER, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 00 C 1242 |
| | ) | |
| WESTMORELAND OBSTETRIC AND | ) | |
| GYNECOLOGIC ASSOCIATES, S.C., | ) | |
| HUGH FALLS, WILLIAM GARDNER, | ) | |
| SCOTT LOGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, John D. Stauffer, Jr., filed a motion for partial summary judgment, with supporting documentation. The problem is that the supporting documentation does not fit neatly into the local requirements, although considerable material is provided, and defendants are, understandably, somewhat at a loss as to how to proceed. For example, plaintiff has filed a Local Rule 56 affidavit that largely sets forth how plaintiff will authenticate 23 documents, but the "how" is partly based on personal knowledge (Dr. Stauffer's affidavit), partly on purported admissions and partly on hearsay.

As best we can determine, the documents fall into three classifications: documents of which Dr. Stauffer has personal knowledge, as stated in her affidavit, and upon which she relies; documents from defendants that turned up during discovery and upon which she relies; and documents from defendants during discovery which she does not believe should or do apply to her relationship with defendants. Perhaps the best way to proceed is to have the documents of which she does not have personal knowledge authenticated by a request to



admit, and an affidavit from Dr. Stauffer (or a designation to her deposition) can separate those upon which she relies from those she disclaims.

We think straightening out the documents is particularly necessary because plaintiff's L.R 56.1(a)(3) Statement of Material Facts is not a statement of facts but, rather, an argument which relies heavily upon the documents. But not all that argument relies upon the documents. To the extent that argument relies upon facts not found in the documents, those facts must be set forth in a statement of undisputed facts that references where in the record that fact is established, whether by affidavit or by deposition testimony. It is not enough to say "It is uncontroverted ...."

We question, however, whether it makes sense for plaintiff to engage in the entire effort prior to the June 19, 2002, pretrial conference. We suggest that plaintiff straighten out the documents before that date, if possible, so the parties are dealing with the same documents record, and we can then determine how best to proceed further, if necessary.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

May 24, 2002.