

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1242 | **DATE** | 7/14/2003 |
| **CASE TITLE** | Christine F. Stauffer etc. et al. Vs. Westmoreland Obstetric etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. For the above reasons, summary judgment is granted in favor of the defendants on count IV. What now remains of plaintiff's complaint are her ERISA claim in count V and her breach of oral contract claim as limited by this opinion. Status hearing set for September 2, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUL 15 2003 | date docketed | 126 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUL 14 PM 3:33 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

CHRISTINE F. STAUFFER, f/k/a/ )
CHRISTINE F. SKORBERG, )
                         )
            Plaintiff, )
                         )
            vs. )     No. 00 C 1242
                         )
WESTMORELAND OBSTETRIC AND )
GYNECOLOGIC ASSOCIATES, S.C., et al., )
                         )
            Defendants. )

*** *** ***
JUL 1 5 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Christine Stauffer brought this action against defendants Westmoreland Obstetric and Gynecologic Associates, S.C. (Westmoreland), Hugh Falls, William Gardner and Scott Logan (individual doctors), alleging breach of contract, conversion, fraud, breach of fiduciary duties, and personal liability. On February 24, 2003, we granted summary judgment on the conversion and fraud claims and limited the breach of contract claim. *See* Stauffer v. Westmoreland, 2003 WL 553622. We gave the parties additional opportunity to respond to the remaining claims. For the following reasons, we now grant summary judgment on the personal liability claim and deny it on the breach of oral contract claim.

Breach of Oral Contract

On March 3, 1990, plaintiff and Westmoreland entered into a written employment agreement. Under that agreement plaintiff had the option of purchasing an equal interest in the corporation that would entitle her to a salary equal to that of the other shareholders. Plaintiff exercised this option on August 1, 1993. She alleges that at that time the parties orally modified her employment contract by agreeing that she would be compensated for the variances in vacation time and life insurance premium costs. Defendants argue that these allegations contradict plaintiff's deposition testimony, in which she admits that the parties

continued to discuss these inequities long after the promises allegedly took place. Plaintiff responds that her testimony is consistent, that any later discussions of vacation time and insurance premiums were predicated on the defendants' lack of commitment to the prior oral agreement. We agree with plaintiff that it is possible to read her statements as consistent. While it is plaintiff's only evidence of the alleged agreement, her affidavit testimony is enough to overcome defendants' motion for summary judgment. Defendants will have an opportunity to cross-examine plaintiff and offer their competing evidence regarding the alleged statements when and if this case goes to trial.

Personal Liability Claim

In count IV of her complaint, plaintiff alleges that the individual defendants used the corporation as a facade to unjustly enrich themselves at her expense. Generally, shareholders, directors and officers are not liable for a corporation's obligations. McKracken v. Olson Cos., 49 Ill.App.3d 104, 109 (1st Dist. 1986). We will pierce the corporate veil and hold the individual defendants personally liable only if there is such unity of interest between the doctors and the corporation that separate personalities no longer exist and if adherence to a separate corporate existence would sanction a fraud, promote injustice, or promote inequitable consequences. *Id.* A significant purpose for creating a corporation is to protect individuals from liability arising out of corporate activity, and any piercing of that corporate veil should be undertaken only reluctantly. Summer Realty Co. v. Willcott, 148 Ill.App.3d 497, 501 (5th Dist. 1986).

A significant portion of plaintiff's personal liability claim is based on defendants' alleged lack of adherence to the corporation's governing documents in calculating plaintiff's termination compensation. These allegations were made moot by our determinations of how much Christine was owed under the corporation's stock purchase and deferred compensation agreements. *See* Stauffer v. Westmoreland, 2003 WL 553622. In that decision we also found

that plaintiff was not a party to the deferred compensation agreement and that it could be amended without her consent, making any claims based on a theory of improper amendments no longer viable.

So what remains of the personal liability claim?  Plaintiff alleges that defendants did not follow corporate protocol in keeping and reading officer meeting notes, filing stock certificates, or taking proper votes on employee bonuses and officer promotions.   Her allegations stem from her assertion that the corporation did not follow its own rules and guidelines.  In response to these allegations, defendants have submitted Westmoreland's articles of incorporation, its by-laws, and a stack of meeting notes from the time period at issue.  In contrast,  plaintiff's only evidence is her affidavit testimony that  she was not properly included in decisions and passed over for an officer position.   She has offered no evidence that the individual defendants deviated from the voting policies set out in the corporation's bylaws, and her allegations that meeting notes were not properly taken has now been answered by defendants' submissions.

Plaintiff also argues that defendants' decisions to follow a particular set of accounting principles and to refrain from calling in an independent audit justify piercing the corporate veil.  But the defendants' accounting procedures do not result in a meshing of the individual and corporate personalities as to create inequities requiring this extreme result.[1]   Without more support, plaintiff's speculation that the individual defendants were using the corporation as a means to enrich themselves, at her expense, is not enough to create a genuine issue of material fact.  See Karazanos v. Navistar International Transportation Corp., 948 F.2d 332, 337 (7th Cir. 1991).

---

[1] We note that as an equally participating shareholder and an officer of the corporation for some of the time period at issue, plaintiff would also have been responsible for inquiring into the accounting decisions made on behalf of the corporation.

For the above reasons, summary judgment is granted in favor of the defendants on count IV. What now remains of plaintiff's complaint are her ERISA claim in count V and her breach of oral contract claim as limited by this opinion.

JAMES B. MORAN
Senior Judge, U. S. District Court

_____, 2002.